# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SAMONE RACHEL SIMMONS ) | CASE NO.: 13-34011(1)(7) |
| ) | |
|          Debtor(s)      ) | |

## MEMORANDUM OPINION

This matter is before the Court on the Debtor's Motion to Dismiss and Supplementary Motion for Dismissal for 707(a) Cause. The Court considered the Motions of the Debtor, Samone Rachel Simmons ("Debtor"), Trustee's Objection to Debtor's Motion to Dismiss and Continued Objection to Debtor's Supplementary Motion to Dismiss filed by the Chapter 7 Trustee, Robert Keats ("Trustee") and the comments of counsel for both parties at the hearing held on the matter. For the following reasons, the Court will **DENY** the Motion.

## FACTS AND PROCEDURAL BACKGROUND

On October 10, 2013, Debtor filed her Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. In the Schedules to her Petition, Debtor listed "grandparents' estate 15 years old value unknown". She also claimed the unknown value of the interest in her grandparents' estate as exempt pursuant to 11 U.S.C. §522(d)(5). She listed $127,836 in unsecured nonpriority debt, assets of $2,000, current monthly income of $200 and monthly expenses of $1,545.

On November 7, 2013, the First Meeting of Creditors pursuant to 11 U.S.C. §341 was held. At the meeting, the Trustee inquired as to the Debtor's interest in her grandparents' estate and was

informed that the estate had been in probate in Meade County for approximately 15 years and was still pending.

Approximately two weeks after the §341 meeting, the Debtor received approximately $600,000 in distributions from the probate estate of her grandparents.

On November 25, 2013, Debtor filed her initial Motion to Dismiss. Trustee filed his objection to that Motion on November 25, 2013.

On December 12, 2013, Debtor filed her Supplementary Motion to Dismiss the Case for Cause Under 11 U.S.C. §707(a). Debtor stated in her Motion that she filed the Chapter 13 Petition after judgments were obtained against her due to her failure to have a valid driver's license. Debtor filed the instant Chapter 13 Petition in order to resolve the legal difficulties facing her and to obtain a valid driver's license.

Trustee filed his Continued Objection to the Motion to Dismiss and Supplementary Motion to Dismiss on December 16, 2013.

## **LEGAL ANALYSIS**

Debtor seeks an Order authorizing the dismissal of her Chapter 7 case for cause pursuant to 11 U.S.C. §707(a). Debtor contends her Motion to Dismiss was filed shortly after her receipt of an inheritance of approximately $600,000. Debtor claims her actions were taken in good faith, that there is no prejudice to creditors and that she will now be able to pay her creditors faster than if the case proceeds to administration.

The statute under which Debtor seeks an Order allowing her to voluntary dismiss her Chapter 7 case is 11 U.S.C. §707(a). The statute provides:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including –

-2-

> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees and charges required under Chapter 123 of Title 28; and
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

The Debtor does not have an absolute right to dismiss her Chapter 7 Petition. *See In re Cohara*, 324 B.R. 24, 27 (BAP 6th Cir. 2005), citing *In re Barten*, 317 B.R. 362, 366 (BAP 9th Cir. 2004). In general, if creditors are prejudiced in any respect by the dismissal or if the trustee has acquired funds for distribution, a request by the debtor for dismissal will be denied. *In re Harker*, 181 B.R. 326, 328 (Bankr. E.D. Tenn. 1995). The debtor has the burden of showing cause for dismissal. The core issue in determining whether the debtor has established cause is whether the dismissal will prejudice the creditors. *Cohara*, 324 B.R. at 28; *In re Stephenson*, 262 B.R. 871, 874 (Bankr. W.D. Okla. 2001).

In the case at bar, Debtor contends that creditors will not be prejudiced by dismissal of the case because Debtor now has sufficient funds to pay her debt and creditors will be paid faster than if the case were fully administered by the Trustee. As the cases cited above demonstrate, the burden to prove cause exists for dismissal was on the Debtor. Debtor provided no proof, other than her counsel's statements that she will pay her creditors in full and faster than if the case is not dismissed. "Assertions by counsel do not constitute probative evidence." *In re McClure*, 234 B.R. 889, 890 (Bankr. N.D. Tex. 1999). No proof of a plan for payment or specific time frame for such payments was provided to the Court.

This was exactly the scenario put before the Sixth Circuit Bankruptcy Appellate Panel in *In re Cohara*. The BAP reversed the bankruptcy court's order allowing a debtor to voluntarily dismiss

her case where the debtor had failed to carry her burden of proof on establishing cause for dismissal. The debtor claimed she had sufficient funds to repay her creditors from an annuity. The debtor did not introduce a copy of the annuity, nor did she provide any definite plan as to how or when her creditors would be paid. The Court determined the debtor had failed to carry her burden of proof of establishing cause, as well as failing to prove that her creditors would not be prejudiced by dismissal. The same reasoning applies to the case at bar.

The mere fact that Debtor now has sufficient funds to pay her debts does not constitute cause for dismissal. *See In re Horan*, 304 B.R. 42 (Bankr. D. Conn. 2004); *Matter of Williams*, 15 B.R. 655 (D. Mo. 1981); *In re Hopkins*, 261 B.R. 822, 823 (Bankr. N.D. Pa. 2001); *In re Turpen*, 244 B.R. 431, 434 (BAP 8th Cir. 2000). "There is a presumption that once commenced, a Chapter 7 bankruptcy will proceed until the case is fully administered. . . unlike a Chapter 13 bankruptcy, an individual debtor has no right to dismiss a case commenced under Chapter 7 of the Bankruptcy Code." *In re Barnette*, 309 B.R. 516, 518 (Bankr. N. D. Ohio 2004).

The Debtor commenced this case with the stated purpose of obtaining a valid driver's license and to deal with judgments resulting from her prosecution in state court for matters related to her invalid license. Subsequent to her filing, Debtor acquired funds that would satisfy her debts. Debtor failed to establish that dismissal will not prejudice her creditors who will now be paid through the case and the Trustee's efforts in administering the estate's assets. Debtor cannot seek or dismiss the case because she achieved her stated goal of obtaining her license. Without any type of guaranteed plan for paying her creditors upon dismissal, the best interest of the creditors is served by denying Debtor's Motion to Dismiss this case.

## **CONCLUSION**

For all of the above reasons, the Court will enter the accompanying Order denying Debtor's Motion and Supplementary Motion for Dismissal for 707(a) Cause.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 4, 2014

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

IN RE:                                          )
                                                )
SAMONE RACHEL SIMMONS        )   CASE NO.: 13-34011(1)(7)
                                                )
                 Debtor(s)                 )

## ORDER

Pursuant to the Memorandum Opinion entered this date and incorporated herein by reference, the Motion and Supplementary Motion for Dismissal for 707(a) Cause of Debtor Samone Rachel Simmons, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 4, 2014